**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles Douglas MIGUEL,**
**Defendant-Appellant.**

No. 16-30015

United States Court of Appeals, Ninth Circuit.

Submitted August 9, 2017 *

Filed August 17, 2017

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Jennifer Jane Martin, Kelly A. Zusman, Assistant U.S. Attorneys, DOJ-USAO, Portland, OR, for Plaintiff-Appellee

Ryan Timothy O'Connor, O'Connor Weber, LLC, Portland, OR, for Defendant-Appellant

Before: SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

MEMORANDUM **

Charles Douglas Miguel appeals from the district court's judgment and challenges his guilty-plea conviction and the 120-month sentence imposed for violations of the Mann Act, in violation of 18 U.S.C. § 2421, and for tampering with a witness, in violation of 18 U.S.C. §§ 2 and 1512(b)(1). We dismiss.

Miguel argues that the district court erred by failing to inquire into the voluntariness of his guilty plea when, during Miguel's allocution at the sentencing hearing, he requested a lower sentence than was stipulated to in his plea agreement. The government contends that this appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011). The terms of the appeal waiver in Miguel's plea agreement unambiguously encompass this appeal. *See id.* at 1205-06. Contrary to Miguel's contention, the record reflects that he waived his appellate rights knowingly and voluntarily, *see United States v. Watson*, 582 F.3d 974, 986-87

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

(9th Cir. 2009), and that his guilty plea was knowing and voluntary, *United . States v. Kaczynski,* 239 F.3d 1108, 1114-15 (9th Cir. 2001). Moreover, the record belies Miguel's contention that the district court advised him that he had the right to appeal. *See United States v. Arias-Espinosa,* 704 F.3d 616, 619 (9th Cir. 2012) (district court does not negate the written waiver of the right to appeal by stating that defendant "may have a right to appeal"). Accordingly, we dismiss pursuant to the valid waiver. *See Harris,* 628 F.3d at 1207.

**DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Bearcomesout's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.